## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNETT J. VONDERHEIDE AKA DADDY JUSTICE | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | Docket No.: |
| | : | |
| KRISTEN LAUER, MRS. BERNARD "ANDREA" LAUER, JASON TETORKA, and OFFICER THOMAS MURRAY | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendant, Officer Thomas Murray (hereinafter "Officer Murray"), *only*, by and through his attorney, Siana, Bellwoar & McAndrew, LLP, pursuant to 28 U.S.C. § 1441 *et seq*., hereby files the instant Notice of Removal of this case from the Court of Common Pleas of Lancaster County, Pennsylvania, Docket No. 18-04283, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, states the following:

1.      On June 7, 2018, Plaintiff, Bennett J. Vonderheide, filed a Complaint captioned Bennett J. Vonderheide AKA Daddy Justice v. Kristen Lauer, Mrs. Bernard "Andrea" Lauer, Jason Tetorka, and Officer Thomas Murray in the Court of Common Pleas for Lancaster County at Docket No. 18-04283. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      A copy of the Docket at 18-04283 is attached hereto as Exhibit B.

3.      In the Complaint docketed at 18-04283, Plaintiff alleges, among other claims, a civil rights violation pursuant to 42 U.S.C. § 1983 against Officer Murray for violation of his First Amendment right to free speech (Count Five). Specifically, Plaintiff "avers the actions of Officer Murray and West Lampeter Police Department were in retribution for his reporting on corrupt

police…." *See* Exhibit A.

4.      Plaintiff's civil rights claim is removable from the Lancaster County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania because this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question).

5.      Officer Murray hereby exercises his rights under the provisions of 28 U.S.C. § 1441 to remove this action to the United States District Court for the Eastern District of Pennsylvania.

6.      In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of June 7, 2018, the date on which Plaintiff filed his Complaint.

7.      Notice of the Notice of Removal has been provided this same date to all parties and will be filed with the Court of Common Pleas of Lancaster County Pennsylvania upon acceptance by this Court.  A true and correct copy of the Notice of Filing of Removal is attached hereto as Exhibit C.

**WHEREFORE,** Defendant, Officer Thomas Murray, respectfully requests that this Honorable Court assume jurisdiction and remove the above-captioned action presently pending in the Court of Common Pleas of Lancaster County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**SIANA, BELLWOAR & McANDREW, LLP**

By:     _____

Sheryl L. Brown, Esquire I.D. #59313
Carolyn N. Flynn, Esquire, I.D. #201238
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 / (F): 610.321.0505
*Attorney for Defendant, Officer Thomas Murray*

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNETT J. VONDERHEIDE AKA DADDY JUSTICE | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : Docket No.: |
| | : |
| KRISTEN LAUER, MRS. BERNARD "ANDREA" LAUER, JASON TETORKA, and OFFICER THOMAS MURRAY | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of

Defendant, Thomas Murray's Notice of Removal was served via first class U.S. mail, postage

prepaid, to the following:

Bennett J. Vonderheide
345 Valley Road
Conestoga, PA 17516
*Pro Se*

Kristen Lauer
10 Kennedy Street
Lancaster, PA 17602

Mrs. Bernard "Andrea" Lauer
3214 Eastern Blvd.
York, PA 17402

Jason Tetorka
24 Cedar Lane
Mountville, PA 17554

**SIANA, BELLWOAR & McANDREW, LLP**

Dated: June 15, 2018          By:

Sheryl L. Brown, Esquire I.D. #59313
Carolyn N. Flynn, Esquire, I.D. #201238
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 / (F): 610.321.0505
*Attorney for Defendant, Officer Thomas Murray*

# EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

### C I V I L ACTION - LAW

BENNETT J. VONDERHEIDE
AKA DADDY JUSTICE

:

:

V.                          :          No.

:          18 - 04283

KRISTEN LAUER
MRS BERNARD "ANDREA" LAUER
JASON TETORKA
**OFFICER THOMAS MURRAY** in his official capacity as officer of WEST LAMPETER POLICE
DEPARTMENT

### Notice

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

(Name)   Lancaster Bar Association

(Address)   28 East Orange Street Lancaster Pa 17602

(Telephone Number) 717 397-0737

1

## PLAINTIFF'S COMPLAINT FOR VIOLATION OF PLAINTIFF'S
### CIVIL AND CONSTITUTIONAL RIGHTS

### JURISTICTION AND VENUE

1. This Honorable Court has jurisdiction of this matter pursuant to **231 Pa. Code Rule 1006 and the First Amendment to the United States Constitution.** All the acts and omissions given rise to the claims stated herein occurred in the county of Lancaster in the State of Pennsylvania. Plaintiff and all defendants reside and/or operate within the county of Lancaster in the State of Pennsylvania. Venue is proper in the Court of Common Pleas of Lancaster County pursuant to 231 Pa. Code Rule 1006.

### PARTIES

2. Bennett J. Vonderheide is an adult individual who resides at 345 Valley road, Conestoga PA 17516, within Lancaster County Pennsylvania

3. Kristen Lauer is an adult individual who resides at 10 Kennedy Street, Lancaster PA 17602, within Lancaster County Pennsylvania

4. Mrs. Bernard "Andrea" Lauer is an adult individual who resides at 3214 Eastern Blvd, York PA 17402 but at all times was the owner and responsible for the home where the incident occurred (as detailed below) and which she has provided to Kristen Lauer to reside within Lancaster County Pennsylvania

5. Jason Tetorka is an adult individual who resides at 24 Cedar Lane, Mountville PA 17554-1224 within Lancaster County Pennsylvania

6. Officer Thomas Murray is a police officer of the West Lampeter Township Police Department, at all relevant times, which provides police services to West Lampeter Township within Lancaster County Pennsylvania

### FACTS OF THE CASE

### DADDY JUSTICE BACKGROUND
### VIDEOGILANTE/ FILMMUCKER

7. I Bennett J. Vonderheide/Plaintiff/Daddy Justice am Lancaster's only investigative internet muckraker and highest profile first amendment champion. Hundreds of DJ videos have been produced and aired on the World Wide Web many exposed lying, corrupt and bad cops. Pertinent to this action is the fact that over the past two years approximately forty videos have exposed the Southern Regional Police Department's corruption. They have brought about investigations, audits and eventually the disbanding of the department. Officer Murray and the WLPD are adjacent to SRPD and worked backing them up on calls. Thus they know Fiorill and the other cops I have exposed and are against my actions via the "Thin Blue Line" gang mentality they maintain. I contend this is the primary inspiration for the malicious prosecution and blatant use of perjured testimony in trial.

2

8.  In 2005 WLPD Chief Wiczkowski charged me under the felony kidnapping statutes with kidnapping my own son. A charge which was quickly withdrawn by ADA (now judge) Chris Hackman embarrassing then officer Wiczkowski. This charge was expunged by then district attorney (now judge) Don Totaro The fact that police departments (in this case West Lampeter Police Department) use any means at their disposal particularly felony perjury, malicious prosecution and official oppression to create a chilling impact upon my first amendment missions makes it dangerous, deadly and finally impossible for me to safely carry out these missions and this must STOP NOW!

## KRISTEN LAUER INVITES, JASON TETORKA ATTACKS/
## I GET CHARGED, DEFAMED AND RAILROADED IN CRIMINAL COURT

9.  It was undisputed that:
10. On or around the last two weeks of February 2017 I/Plaintiff received a call from Defendant Kristen Lauer requesting my assistance
11. She had participated in a conference call and another person on the call had reported to West Lampeter Township Police that she was suicidal and requested a wellness check
12. Ms. Lauer requested and I did come visit and verify her condition as safe and did report it to the police as per her request
13. On March 4th 2017 Kristen Lauer called again and asked me to come help her with a personal situation involving a mutual acquaintance
14. That Kristen saw me coming up the yard and opened the door before I got there.
15. That immediately upon entering I extended my hand in friendship to shake BUT Mr. Tetorka accused me of making Nazi gestures, being part of the new world order and supporting the Russians
16. Tetorka demanded I apologize for unspecified statements he accused me of saying and Nazi gestures he accused me of making towards him (later I would discover he was referring to an Easter Dinner two years earlier and be reminded I had met him one time at Kristen's then)
17. That I quickly exited out the front door
18. That Tetorka chased me out the door aggressively, throwing his hat on the ground, rolling up his sleeves and ready to fight/attack
19. Disputed facts; Depending on which version of Kristen's testimony/statements the following  facts are disputed at some points, she says she can't recall in others and in direct contrast are agreed to at other times
20. Tetorka threatened me stating he would "Cut your feet off" three separate times and – "Cut you to the bone" - while in the house
21. There was zero physical contact in the house between Tetorka and I
22. As Tetorka stood to attack me Kristen stepped in between which opportunity I took to escape the house
23. Kristen has previously stated that Tetorka has waved a knife around her kitchen threatening to cut her

3

24. She has also stated that Tetorka was often threatening and had called her a Nazi
25. Kristen previously stated she had locked Tetorka out on many occasions due to fear he would hurt her
26. Kristen has previously stated that Tetorka has a history of mental and emotional problems
27. That though he has been prescribed medication he sometimes refuses to take his prescribed medications
28. This would account for the bazaar behaviors Murray testified too also
29. Kristen and Tetorka have been in a sexual relationship and girlfriend/boyfriend for over two years
30. Kristen's has a history of problems with dangerous men including previous incidents of bullet holes in house door, raging men beating on her door late at night and more according to statements made by her mother and father
31. Officer Murray worked with Kristen (meeting her at least four times for extended periods) and Tetorka (Murray testified Tetorka called fifteen times but always said the same things)
32. Murray coerced and coached Kristen convincing her that the police think I am "toxic" and that the police want to get me
33. Murray refused to meet with me to see evidence Kristen was lying and planning on committing perjury though I called him and advised I had such evidence
34. Murray crafted a malicious prosecution against me with no regard for law, justice, integrity, honesty but with the intent to have a chilling impact upon my first amendment work and to counter-strike for his corrupt fraternity "the thin blue liners"
35. Murray dragged me through the railroading and even when the case proved a farce he desperately tried to get the judge to find me guilty
36. Murray suborned perjury by inspiring Kristen to commit felony perjury in the court of law of Judge William E Benner Jr – he should by all accounts be put in jail himself
37. Murray used Tetorka's statements in his malicious complaint but did not call Tetorka to the stand because he knew his testimony would be flawed and not believable but would rather damage his case
38. Murray should be immediately fired but won't because he certainly had the support and approval of his superiors in the WLPD who will protect him

**DEFAMATORY STATEMENTS:**

39. One dangerous in fact potentially deadly is the false accusation that I am a Nazi
40. That I threatened to "Murder" Kristen Lauer (Kristen testified her mother told her Ben Vonderheide had "Threatened to murder me")
41. That I threatened to cut Kristen Lauer "To The Bone" (Again Kristen's mother)
42. That I viciously attack, push and knock down physically handicapped "disabled" Kristen Lauer
43. That I am a toxic individual

4

44. That I was the aggressor attacking, poking in the eye and/or hitting (depending on which iteration of testimony and police statement) Jason Tetorka inside the home of Kristen Lauer

## PHYSICAL INJURY

45. In the video I can be seen flying through the air and hitting the ground. The final seconds show Jason Tetorka on film and me off camera as he launches toward me with full force to attack again. Final frame shows Jason's right hand fully cocked back to strike a punch. Testimony by Ms. Lauer correctly verified we then tumbled uncontrollably down a steep hill in combat

46. I suffered two broken ribs and severe lower back damage. The ribs put me out of commission and in intense pain for an extended period due to my being fifty-seven years old. The lower back pain kept me near bedridden for a period and has slowly repaired and the agony subsided to less frequency and is no longer "full time" including waking up in extreme pain during the night.

47. There is no indication the lower back pain will terminate in the near future or ever

48. I have sought initial medical attention and the injuries have been documented through that process

## MALICIOUS PROSECUTION/OFFICIAL OPPRESSION/
## CHILLING IMPACT ON FIRST AMENDMENT:

49. It is telling that Murray decided to NOT put the "victim" [Officer Murray presented Tetorka as the victim and me the criminal in his attempt to maliciously prosecute me] Jason Tetorka on the stand to testify relying fully on Kristen' perjury

50. "Victim" Tetorka's written statement was withheld from the court

51. It is telling that Murray's "Victim" Tetorka plead guilty before trial

52. In her first statement to Murray, Kristen admitted I was non aggressive and there was no mention of me rolling up my sleeves, poking or punching Tetorka in the eye or pushing Kristen /knocking her down

53. After meeting with Murray and days after her first statement to Murray she changed her story and falsely accused me of these actions and more

54. Just a couple examples of recorded testimony by Kristen on June 8th 2017 in Judge Benner's Court

55. "What I saw at the time was different from what I beared witness too in watching the video with officer Murray

56. "It was a blessing that officer Murray was there to review the video with me because I did not bear witness to the violence in front of my eyes correctly"

57. Question "So officer Murray pointed out to you that I was the aggressor outside" Answer "Yes"

58. "We were working very well together"

59. 'because I needed Officer Murray's help"

60. "I wanted to come in today to help support officer Murray"
61. "Police telling me how toxic he is"
62. "I'm going to go into court and testify against him because the police force is against him"
63. "and I'm going to stick with the police and their angle"
64. Murray admitted under oath "While we were watching the video yes, I did say "Look it looks like Ben did the first kick"
65. Murray agreed Tetorka came out after me "In a very aggressive manner"
66. When Murray was on the stand I forced him to watch the video, I had him freeze frame nine times proving Tetorka was the aggressor and not I
67. Prior to trial I contacted Murray and advised him that I had evidence his witness was planning on committing perjury and asking him to allow me to come show him the evidence
68. On the stand Murray admitted he refused to allow me to bring it in and advised me to bring it and/or witness to trial
69. Thus the taxpayer's money was wasted and the intent of WLPD to railroad me became more obvious.
70. When asked on the stand why he refused my evidence overture Murray looked at the judge and stated twice in a row
71. "That's to her (Kristen's) credibility that's not to the investigation"
72. Judge Benner helped Murray understand that "Mr. Vonderheide's" point was that "if you had, you may have decided not to bring the case understanding that at least in part you had to rely on Ms. Lauer to prove your case"
73. Murray was willing to prosecute using only one witness on the stand and he did not care if she was lying.
74. His sole directive and intent in this case is clear - to convict me of malicious charges which include imprisonment as punishment
75. The common folk would think that the credibility of your only witness would be tantamount in the investigation

### JUDGE WILLIAM BENNER JR. STATEMENT/
### JUDGEMENT OF ACQUITAL

76. **MJ-02303-NT-0000027-2017** Trial held 6/8/18. After over two hours of the prosecution presenting its case and my proving they were lying I motioned the court for judgement of acquittal
77. The judge granted the judgement without my being required to put on defense stating the following from the bench
78. "I found that there was no reliable evidence of harassment occurring within the house which I could find Mr. Vonderheide guilty of harassment"
79. "I watched the video several times, To me Mr. Tetorka was clearly the aggressor... he came out in a hurry, threw his hat off, pulled up his sleeves... "

6

80. I don't find what Mr. Vonderheide did was unreasonable, I think he used reasonable force in self-defense under the circumstances"

81. And again the judge stated "I think he used reasonable self-defense"

82. Then finally; "If Mr. Tetorka had not plead guilty and I heard the same facts - I would have found him guilty and would have found Mr. Vonderheide not guilty of this incident"

## COUNT ONE- INTENTIONAL TORT
## ASSAULT AND BATTERY

83. Plaintiff incorporates paragraphs 1 through 82 as if fully set forth herein

84. Defendant Tetorka did intentionally inflict assault and battery upon Plaintiff for which he was arrested and plead guilty at trial in the court of Judge William Benner. [Harassment including physical contact]

85. The actions as detailed above do constitute "an act or threat to act that is intended to put a person in fear of imminent non-consensual physical touching"

86. They also constitute "the intentional, non-consensual, harmful or offensive touching of another person, either by or put in motion by the perpetrator"

87. See Werner v. Plater-Zyberk, 799 A.2d 776, 784 (Pa. Super. Ct. 2002), appeal denied, 806 A.2d 862 (Pa. 2002). Cf. Restatement (Third) of Torts § 5 ("An actor who intentionally causes physical harm is subject to liability for that harm.")

88. The above actions constitute Assault and Battery upon Plaintiff for which he seeks damages exceeding $50,000

WHEREFORE, Plaintiff demands a trial by jury and judgement from the court as follows:
- Find in favor of Plaintiff against Defendant Mr. Tetorka and award compensatory and punitive damages to Plaintiff for Defendants actions as detailed above
- Order Defendants to pay an award of attorney fees and cost to Plaintiff
- Order any other relief deemed reasonable and appropriate by the court

## COUNT TWO- INTENTIONAL TORT
## DEFAMATION OF CHARACTER/LIBEL/SLANDER

89. Plaintiff incorporates paragraphs 1 through 88 as if fully set forth herein

90. Defendants conduct and statements as alleged were intentionally designed to besmirch the credibility, honesty and reputation of Plaintiff and Daddy Justice name, cause him grave emotional pain, have him arrested, charged and put into prison

91. The statements were published in police reports and repeated on the stand at trial and under oath

92. The statements clearly referred to and identified Plaintiff

93. They statements were defamatory and false

94. They were lies designed to intentionally do Plaintiff damage and they did so

95. The above actions constitute defamation through libel and slander to the good name and reputation of Plaintiff for which he seeks damages exceeding $50,000

7

WHEREFORE, Plaintiff demands a trial by jury and judgement from the court as follows:

- Find in favor of Plaintiff against all Defendants and award compensatory and punitive damages to Plaintiff for Defendants actions as detailed above
- Order Defendants to pay an award of attorney fees and cost to Plaintiff
- Order any other relief deemed reasonable and appropriate by the court

### COUNT THREE- INTENTIONAL TORT
### FALSE ARREST

96. Plaintiff incorporates paragraphs 1 through 95 as if fully set forth herein
97. Defendants allegations though malicious and obviously not true were used by Officer Murry to wit their conjoined efforts did result in false arrest, and a full trial at which Plaintiff prevailed, proving the actions of Defendants were capricious, malicious and dishonest
98. The result was Plaintiff's freedom and liberty were placed in jeopardy and he faced imprisonment though clearly innocent [including film evidence in Defendant possession but to date withheld from Plaintiff]
99. Plaintiff suffered emotional, mental and physical distress and had to endure a full trial pro se knowing the police and witnesses were conspiring to maliciously prosecute and imprison him
100. Plaintiff lost his sense of freedom and sleep, spent excessive time to prepare and defend in court, lost potential income and suffered further damage to his reputation and standing in the community
101. The above actions constitute false arrest of Plaintiff for which he seeks damages exceeding $50,000

WHEREFORE, Plaintiff demands a trial by jury and judgement from the court as follows:

- Find in favor of Plaintiff against all Defendants and award compensatory and punitive damages to Plaintiff for Defendants actions as detailed above
- Order Defendants to pay an award of attorney fees and cost to Plaintiff
- Order any other relief deemed reasonable and appropriate by the court

### COUNT FOUR- INTENTIONAL TORT
### MALICIOUS PROSECUTION

102. Plaintiff incorporates paragraphs 1 through 101 as if fully set forth herein
103. Defendants allegations though malicious and obviously not true were used by Officer Murry to wit their conjoined efforts did result in false arrest, and a full trial at which Plaintiff prevailed, proving the actions of Defendants were capricious, malicious and dishonest
104. The result was Plaintiff's freedom and liberty were placed in jeopardy and he faced imprisonment though clearly innocent [including film evidence in Defendant possession but to date withheld from Plaintiff]

8

105. Plaintiff suffered emotional, mental and physical distress and had to endure a full trial pro se knowing the police and witnesses were conspiring to maliciously prosecute and imprison him

106. Plaintiff lost his sense of freedom and sleep, spent excessive time to prepare and defend in court, lost potential income and suffered further damage to his reputation and standing in the community

107. The above actions constitute malicious prosecution of Plaintiff for which he seeks damages exceeding $50,000

WHEREFORE, Plaintiff demands a trial by jury and judgement from the court as follows:

1. Find in favor of Plaintiff against all Defendants and award compensatory and punitive damages to Plaintiff for Defendants actions as detailed above
2. Order Defendants to pay an award of attorney fees and cost to Plaintiff
3. Order any other relief deemed reasonable and appropriate by the court

## COUNT FIVE- INTENTIONAL TORT
## FIRST AMENDMENT RIGHT FREE SPEACH

108. Plaintiff incorporates paragraphs 1 through 107 as if fully set forth herein

109. Plaintiff contends and therefore avers the actions of Officer Murray and West Lampeter Police Department were retribution for his reporting on corrupt police including but not limited to the two year series on corruption on the adjacent Southern Regional Police Department.

110. The printing press shall be free to every person to undertake to examine the proceedings of the legislature or any branch of government... The free communication of thoughts and opinions is one of the invaluable rights of man...

111. Plaintiff contends and therefor avers they are intending to have a chilling impact upon Plaintiff's first amendment reporting of widespread systemic and criminal pension fraud being perpetrated by police across Pennsylvania and possibly including West Lampeter Police Department and officer Murray himself

112. As the Supreme Court noted in another context, "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

113. Plaintiff as a citizen of the United States and investigative reporter was deprived of his first amendment right through the intimidation, defamation, false arrest and malicious prosecution as detailed above for which he seeks damages exceeding $50,000

WHEREFORE, Plaintiff demands a trial by jury and judgement from the court as follows:

- Find in favor of Plaintiff against all Defendants and award compensatory and punitive damages to Plaintiff for Defendants actions as detailed above
- Order Defendants to pay an award of attorney fees and cost to Plaintiff
- Order any other relief deemed reasonable and appropriate by the court

9

## COUNT SIX- INTENTIONAL TORT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114. Plaintiff incorporates paragraphs 1 through 113 as if fully set forth herein

115. Defendants actions as detailed above prove Defendants clearly intended and desired to cause Plaintiff emotional distress

116. Defendants allegations though malicious and obviously not true were used by Officer Murry to wit their conjoined efforts did result in false arrest, and a full trial at which Plaintiff prevailed, proving the actions of Defendants were capricious, malicious and dishonest

117. The result was Plaintiff's freedom and liberty were placed in jeopardy and he faced imprisonment though clearly innocent [including film evidence in Defendant possession but to date withheld from Plaintiff]

118. Plaintiff suffered emotional, mental and physical distress and had to endure a full trial pro se knowing the police and witnesses were conspiring to maliciously prosecute and imprison him

119. Plaintiff lost his sense of freedom and sleep, spent excessive time to prepare and defend in court, lost potential income and suffered further damage to his reputation and standing in the community

120. The above actions constitute intentional infliction of emotional distress of Plaintiff for which he seeks damages exceeding $50,000

WHEREFORE, Plaintiff demands a trial by jury and judgement from the court as follows:

- Find in favor of Plaintiff against all Defendants and award compensatory and punitive damages to Plaintiff for Defendants actions as detailed above
- Order Defendants to pay an award of attorney fees and cost to Plaintiff
- Order any other relief deemed reasonable and appropriate by the court

## COUNT SEVEN
### VICARIOUS LIABILITY/NEGLIGENT ENTRUSTMENT

121. Plaintiff incorporates paragraphs 1 through120 as if fully set forth herein

122. Defendant Andrea Lauer purchased and owns the property wherein Kristen Lauer and sometime Jason Tetorka reside

123. She has admitted to Plaintiff that she (and her husband) are aware and deeply concerned even frightened by the dangerous friends and actions of their daughter including bullet holes in door and threatening, frightening, scary people on drugs showing up at all times of the day and night and creating havoc

124. Kristen had previously shared her fears and concerns regarding Mr. Tetorka to Plaintiff including that Tetorka had accused her of being a Nazi and had waved a knife around her kitchen threatening to cut her up

10

125. Kristen had previously informed Plaintiff that Mr Tetorka was prescribed very strong medications for mental and emotional illnesses which had plagued him BUT that he would refuse to take his prescribed medication

126. That Kristen did not advise Plaintiff that Mr. Tetorka was at her home so to avoid the danger on March 4th 2017

127. That to maintain a property to place her daughter far enough away from her family to keep them safe while exposing others to the danger is negligent and she is responsible for actions in the home she owns and has placed her daughter into

128. That Kristen Lauer was negligent in inviting Plaintiff to her home to help her out then have Mr. Tetorka in the home knowing his past and his mental issues.

129. The above actions constitute vicarious liability and negligent entrustment which damaged Plaintiff and for which he seeks damages exceeding $50,000

WHEREFORE, Plaintiff demands a trial by jury and judgement from the court as follows:
- Find in favor of Plaintiff against all Defendants and award compensatory and punitive damages to Plaintiff for Defendants actions as detailed above
- Order Defendants to pay an award of attorney fees and cost to Plaintiff
- Order any other relief deemed reasonable and appropriate by the court

Bennett J. Vonderheide
DATE: 6/7/18

11

## VERIFICATION

I, BENNETT J. VONDERHEIDE, verify that the statements made in this document are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

_____

BENNETT J. VONDERHEIDE
*pro se*
Dated: 6/7/18

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirement of Pa. R.C.P. § 402(b).

1) Service by Hand Delivery to the Lancaster County Prothonotary DATE 6/7/18

2) Service to Officer Thomas Murray and West Lampeter Police Department via hand delivery DATE_____

3) Service to Kristen Lauer via ~~Hand Delivery~~ DATE_____
   U.S. mail

4) Service to Andrea Lauer by First Class US Mail DATE_____

By: _____

BENNETT J. VONDERHEIDE
*pro se*

12

# EXHIBIT B

# PROTHONOTARY OF LANCASTER COUNTY

**Katherine Wood-Jacobs**
*Prothonotary*



**George Alspach**
*Solicitor*

| | |
|---|---|
| BENNETT J. VONDERHEIDE (et al.)<br>vs.<br>KRISTEN LAUER (et al.) | **Case Number**<br>CI-18-04283 |

## PROTHONOTARY DOCKET ENTRIES

06/07/2018    COMPLAINT WITH CERTIFICATE OF COMPLIANCE FILED BY BENNETT J. VONDERHEIDE.

COMPLAINT (10) WITH RECEIPT TO PLAINTIFF, PRO SE.

06/07/2018    CAPTION ENTRY IS: BENNETT J. VONDERHEIDE AKA DADDY JUSTICE VS. KRISTEN LAUER MRS BERNARD "ANDREA" LAUER JASON TETORKA OFFICER THOMAS MURRAY IN HIS OFFICIAL CAPACITY AS OFFICER OF WEST LAMPETER POLICE DEPARTMENT

06/08/2018    CASE ASSIGNED TO JUDGE ASHWORTH

June 13, 2018

# EXHIBIT C

**SIANA, BELLWOAR & McANDREW, LLP**
By:  Sheryl L. Brown, I.D. #59313
Carolyn N. Flynn, I.D. #201238
941 Pottstown Pike, Suite 200
Chester Springs, PA  19425
610-321-5500

**ATTORNEYS FOR OFFICER
THOMAS MURRAY**

|  |  |
|---|---|
| BENNETT J. VONDERHEIDE<br>AKA DADDY JUSTICE | : IN THE COURT OF COMMON PLEAS<br>:<br>: LANCASTER COUNTY,<br>: PENNSYLVANIA |
| Plaintiff, | : |
| v. | : CIVIL ACTION - LAW |
| KRISTEN LAUER, et al. | :<br>: No. 18-04283 |
| Defendants. | : |

<u>NOTICE OF FILING OF PETITION FOR REMOVAL</u>

Pursuant to 28 U.S.C. § 1446, you are hereby notified that Defendant, Officer Thomas Murray, in the above captioned matter have, on this date, filed a Petition for Removal of this action from the Court of Common Pleas of Lancaster County, Pennsylvania, Docket No. 18-04283 to the United States District Court for the Eastern District of Pennsylvania. A copy of the Petition for Removal is attached hereto as Exhibit 1.

Respectfully submitted,

**SIANA, BELLWOAR & McANDREW, LLP**

Dated: <u>June   , 2018</u>        By:  _____
Sheryl L. Brown, Esquire I.D. #59313
Carolyn N. Flynn, Esquire, I.D. #201238
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 / (F): 610.321.0505
*Attorney for Defendant, Officer Thomas Murray*

SIANA, BELLWOAR & McANDREW, LLP                      ATTORNEYS FOR OFFICER
By:  Sheryl L. Brown, I.D. #59313                    THOMAS MURRAY
Carolyn N. Flynn, I.D. #201238
941 Pottstown Pike, Suite 200
Chester Springs, PA  19425
610-321-5500

---

|  |  |
|---|---|
| BENNETT J. VONDERHEIDE | : IN THE COURT OF COMMON PLEAS |
| AKA DADDY JUSTICE | : |
|  | : LANCASTER COUNTY, |
|  | : PENNSYLVANIA |
| Plaintiff, | : |
|  | : |
| v. | : CIVIL ACTION - LAW |
|  | : |
| KRISTEN LAUER, et al. | : |
|  | : No. 18-04283 |
| Defendants. | : |

---

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of

Defendant, Thomas Murray's Notice of Petition for Removal was served via first class U.S. mail,

postage prepaid, to the following:

Bennett J. Vonderheide                     Kristen Lauer
345 Valley Road                            10 Kennedy Street
Conestoga, PA 17516                        Lancaster, PA 17602
*Pro Se*

Mrs. Bernard "Andrea" Lauer                Jason Tetorka
3214 Eastern Blvd.                         24 Cedar Lane
York, PA 17402                             Mountville, PA 17554


### SIANA, BELLWOAR & McANDREW, LLP


Dated: _June , 2018_         By:    _____
                                    Sheryl L. Brown, Esquire I.D. #59313
                                    Carolyn N. Flynn, Esquire, I.D. #201238
                                    *Attorney for Defendant, Officer Thomas Murray*